PER CURIAM.
The Florida Department of Revenue (DOR), on behalf of the former wife in an action for child support arrearage, appeals the trial court’s order assessing attorney’s fees against both the DOR and the former wife pursuant to section 57.105, Florida Statutes (1997). For the following reasons, we reverse.
Barbara Lucignani (the mother) and ap-pellee Alfred Lucignani (the father) were divorced in 1976. The mother, the custodial parent of the couple’s physically and *997 mentally disabled daughter, was entitled to receive $300 per month for lifetime support of the child. In 1997, twenty-one years later, the Florida Department of Revenue (DOR) instituted contempt proceedings against the father requesting that future payments be made through the central depository and seeking judgment against the father for $75,000, the alleged amount of the child support arrears. The father accordingly began making payments into the central depository.
After the contempt action was subsequently dismissed without prejudice for lack of prosecution, the DOR filed a Motion to Determine Arrears, which included a financial affidavit by the mother. In turn, the father filed a motion for attorney’s fees for work related to the dismissed contempt action. The trial court held a hearing on the father’s Motion for Attorney’s Fees and the DOR’s Motion to Determine Arrears. The court denied the DOR’s Motion to Determine Arrears under the doctrine of laches and assessed fees and costs under section 57.105, Florida Statutes (1997), against the mother and the DOR’s attorney, the State Attorney’s Office. The DOR appeals the attorney’s fee award.
The court apparently awarded fees as a sanction for misconduct during the arrear-age proceedings, but imposed fees billed for work performed in the prior contempt litigation. The court erred in awarding fees for the contempt action because there was a justiciable issue of law or fact [1] as evidenced by the fact that the DOR received relief when the father began paying child support payments through the central depository. Therefore, the fee award was improper.
However, the father may be entitled to fees for misconduct during the latter portion of the litigation concerning the DOR’s Motion to Determine Arrears. See Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998)(holding that the inequitable conduct doctrine permits award of attorney’s fees under § 57.105 where one party has exhibited egregious conduct or acted in bad faith). In short, the court erred in imposing fees attributable to the contempt proceedings.
Reversed and remanded for a determination of the father’s entitlement to an award of fees and if he is so entitled, a calculation of the amount he is due.

. The 1997 version of section 57.105, Florida Statutes, applies here because the DOR’s motion for contempt was filed prior to the effective date of the 1999 amendment.